DOUGLAS H. ACREA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Acrea v. Commissioner
Docket No. 9745-75.
United States Tax Court
T.C. Memo 1979-18; 1979 Tax Ct. Memo LEXIS 506; 38 T.C.M. (CCH) 59; T.C.M. (RIA) 79018; January 10, 1979, Filed Douglas H. Acrea, pro se. Charles C. Cobb, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioner's income tax for the taxable year 1973 in the amount of $ 1,194. Petitioner offered no credible proof to prove the determination of the Commissioner in his statutory notice of deficiency was erroneous. Instead petitioner relies upon a series of frivolous motions he filed at the trial. FINDINGS OF FACT Petitioner resided in Sepulveda, California, when he filed his petition. He filed his Federal income tax return for the taxable year 1973 with the Internal Revenue Service at Fresno, California. The Commissioner, in his statutory notice of deficiency, disallowed the deductions petitioner claimed for employee business *507 expenses in the amount of $ 2,426, miscellaneous expenses in the amount of $ 1,819 and medical expenses in the amount of $ 447. OPINION When the case was called for trial, petitioner filed the following motions: (1) Motion for Tax Court to Order that I.R.S. Employees and Officers to be Obedient to the Intent and Purpose of: Art. 1, Sec. 2, Cl. 3; Art. 1, Sec. 9, Cl. r; 16 Amendment; Art. 1, Sec. 8, Cl. 4, U.S. Constitution and Article 5, Bill of Rights, last phrase. (2) Motion for Equal Protection of the Law as Per Articles 5 and 9, Bill of Rights. (3) Motion for Tax Court Notice Regarding Mis-Application of the IRS Code. (4) Motion for a Fair Trial and Motion for Procedural Safeguards. (5) Motion for Assistance of Counsel (6) Motion for Immunity as Per 18 U.S.C. 6004. All of petitioner's motions are frivolous and we denied them at trial.Petitioner then sought to call as a witness a Dr. Frank Brockway, who petitioner identified as his tax consultant. Respondent objected on the grounds of relevance and we inquired of petitioner as to the nature of the testimony to be elicited from Dr. Brockway. Petitioner stated that Dr. Brockway was "an *508 expert in taxation in relationship to the Constitution." Petitioner admitted that Dr. Brockway did not prepare his income tax return. We sustained respondent's objection to the testimony of Dr. Brockway. After petitioner argued other frivolous grounds, we asked him whether he desired to offer any proof as to the deductions disallowed by the Commissioner which he declined to do. Petitioner has the burden of proving that the Commissioner's determination of his income tax liability is erroneous. Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner has offered no evidence to sustain his burden of proof. The determination of the Commissioner in his statutory notice of deficiency is, therefore, sustained. Montgomery v. Commissioner,367 F.2d 917 (9th Cir. 1966). [1]
Decision will be entered for the respondent.
Footnotes
1. Tanner v. Commissioner,T.C. Memo 1977-206, affd.     F.2d     (10th Cir. Apr. 8, 1978), 78-1 USTC par. 9399; Anderson v. Commissioner,T.C. Memo 1978-444; Cameron v. Commissioner,T.C. Memo 1978-272↩.